IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAHEEM LA'MONZE PLATER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-21-899-R |
| | ) | |
| EDEN POIROT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Plaintiff Raheem La'Monze Plater's action pursuant to 42 U.S.C. § 1983. Doc. No. 1. The Court referred this case to United States Magistrate Judge Gary M. Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Judge Purcell entered his Report and Recommendation [Doc. No. 25], in which he recommended the Court grant summary judgment for the Defendants. Plaintiff has timely filed his Objection [Doc. No. 27], and the matter is ripe for decision. For the reasons below, on *de novo* review, the Court ADOPTS the Report and Recommendation [Doc. No. 25] and DISMISSES Plaintiff's Complaint [Doc. No. 1] for lack of jurisdiction. Because the Court dismisses Plaintiff's action, it finds Defendants' Motion to Strike [Doc. No. 26] to be moot.

Mr. Plater is a state prisoner at Lawton Correctional Facility (LCF). Doc. No. 25 at 1. During his incarceration, Plaintiff alleges Defendants violated his Fourth, Eighth, and Fourteenth Amendment Rights. Doc. No. 1 at 1, 7–9. Judge Purcell recommends the Court grant Defendants' motion for summary judgment pursuant to F.R. Civ. P. 56 and find the Court lacks jurisdiction to hear Plaintiff's claims because he has failed to exhaust his

administrative remedies under the Prison Litigation Reform Act (PLRA). Doc. No. 25 at 3, 24–25. Mr. Plater objects, focusing on his affidavit. He states that he gave Administrative Review Authority (ARA) appeals, the last step in the Oklahoma Department of Corrections (ODOC) administrative grievance process, to one Ashley Katzinger. Doc. No. 27 at 2. He argues Ms. Katzinger and, through her Defendants, obstructed his access to the ARA and, ultimately, exhaustion of the administrative grievance process. *Id*. at 4–5.

In short, Plaintiff does not contend that any of his myriad grievances[1] have been exhausted but rather that his facility has rendered the administrative grievance process unavailable to him through their interference. Accordingly, the only question before the Court is whether Plaintiff's claims in his affidavit create a genuine dispute of material fact as to whether he administratively exhausted his claims. The Court finds that it does not.

In their "Motion to Dismiss/Motion for Summary Judgment" [Doc. No. 18], Defendants rely on documents that are part of the Special Report [Doc. No. 17]. Likewise, Plaintiff submitted exhibits to the record and referred to them in his Objection to the Report and Recommendation. Doc. Nos. 24, 27. "A 12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court.'" *GFF Corporation v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting F. R. Civ. P. 12(d)). Both parties have attached documents outside the pleadings, inviting the Court to treat the motion as a motion for summary judgment. As a result, the Court adopts the Report and Recommendation's logic and

---

[1] Judge Purcell provides a thorough overview of Mr. Plater's grievance history in his Report and Recommendation. *See* Doc. No. 25 at 8–17.

utilizes the Rule 56 standard. *See Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n.2 (10th Cir. 1996) (explaining that a party who "submitted material beyond the pleadings in opposition to defendants' motion [to dismiss] . . . is scarcely in a position to claim unfair surprise or inequity").

Under Rule 56 of the Federal Rules of Civil Procedure, the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." F. R. Civ. P. 56(a*); see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986). Once a moving party shows entitlement to judgment as a matter of law, the burden shifts to the nonmoving party to point out the specific facts that create disputed factual issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must present some evidence, other than its initial pleadings, to show that there is more than just a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Celotex*, 477 U.S. at 324 (quoting Rule 56(e), which requires the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by [other sworn evidence], designate 'specific facts showing that there is a genuine issue for trial.'"). In ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

Evidence must be based on more than mere speculation or conjecture to defeat a motion for summary judgment. *Rice v. United States*, 166 F.3d 1088, 1091–92 (10th Cir. 1999). Furthermore, a factual issue does not preclude the Court from entering summary

judgment where there is no evidence to support a dispute on that issue or where the evidence is so one-sided that no reasonable juror could find for the other side. *True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999). Conclusory allegations will not create a genuine issue of material fact defeating a summary judgment motion. *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

Additionally, when a party fails to adequately address another party's assertion of fact as required by Rule 56(c), the Court may "consider the fact undisputed for purposes of the motion." F. R. Civ. P. 56(e)(2). In evaluating a motion for summary judgment, a district court must consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Finally, because Plaintiff proceeds *pro se*, the Court construes his filings liberally but does not act as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In his Report and Recommendation, Judge Purcell reasons that Plaintiff's affidavit fails to create a genuine issue of material fact as to whether Mr. Plater exhausted his administrative remedies because Plaintiff did not specify which of his many grievances he appealed. Doc. No. 25 at 22 n.9. Without this specificity, Judge Purcell recommends the Court find Mr. Plater has failed to demonstrate that he has exhausted any of his claims, much less that such remedies were rendered unavailable by his facility's actions. *Id.* Plaintiff argues that he handed "appeals" to Ms. Katzinger but fails to specifically identify which grievances he appealed and which of his Complaint's claims they administratively exhaust. Doc. No. 27 at 2. He additionally argues that observing video footage of Ms.

4

Katzinger while on duty in the law library would provide evidence of his prison's interference, which he claims rendered his administrative remedies unavailable. *Id*. at 4–5.

The PLRA requires prisoners to exhaust prison grievance procedures before filing suit. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007). However, the PLRA does not impose an exhaustion requirement unless administrative remedies are "available." *See Ross v. Blake*, 578 U.S. 632, 636 (2016). Although Defendants bear the burden of "proving that the plaintiff did not [exhaust his] administrative remedies," once the defendant has carried that burden, "the onus falls on the plaintiff to show that remedies were unavailable to him." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). Administrative remedies are deemed unavailable if, among other things, "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 644.

To prevail on his claim that his facility rendered his administrative remedies unavailable due to their obstruction, as the nonmoving party, Plaintiff must produce specific facts that show there is a genuine issue of fact as to whether (1) the intimidation, threat, or machination actually deterred him from lodging a grievance; and (2) the intimidation, threat, or machination would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance. *May v. Segovia*, 929 F.3d 1223, 1235 (10th Cir. 2019) (citing *Tuckel*, 660 F.3d at 1254). Mr. Plater has not raised a genuine issue of fact as to either prong.

In his attempt to demonstrate his facility's machinations, intimidations, and threats, Plaintiff submitted an affidavit in which he claims:

5

> I handed ARA level grievances to C/O Ashley Katzinger.
>
> . . .
>
> Katzinger has a history of retribution and reprisal with me; she has falsely accused me of threatening her – a misconduct I have been found not guilty, she has attempted to obstruct my access to the law library while in house 6.
>
> . . .
>
> I believe whole-heartedly my mail to the ARA has been discarded to prevent this court from obtaining jurisdiction by C/O Ashley Katzinger to provide [Defendants] a tactical advantage in the instant case. . . .

Doc. No. 24-3.

First, it is clear from the record that the alleged threats, intimidation, and machinations did not dissuade Mr. Plater from filing numerous grievances and requests to staff, so much so that prison authorities threatened him with grievance restriction. *See* Doc. No. 17-10. Although Plaintiff complains about the conduct of prison staff in his affidavit, he does not provide evidence that their actions dissuaded him from attempting to utilize his facility's grievance process. Consequently, Plaintiff fails, as a matter of fact, to demonstrate either that he was actually dissuaded from exhausting his administrative remedies or that a prisoner of ordinary firmness would have been deterred.

Second, the Tenth Circuit Court of Appeals has held that a plaintiff's affidavit contending prison staff interfered with his ability to exhaust his administrative remedies is not adequate to create a dispute of material fact regarding the question of administrative exhaustion. *See Robinson-Bey v. Feketee*, 219 F. App'x 738, 741 (10th Cir. 2007) (finding a plaintiff's affidavit must demonstrate that, but for the alleged interference, he would have successfully exhausted his complaint's claims with the ARA). Here, Mr. Plater's only objection is that he attempted to exhaust his administrative remedies by sending various

ARA appeals, but Ms. Katzinger interfered with those attempts on behalf of his prison by discarding them. However, as discussed by Judge Purcell, Mr. Plater fails to identify which of his many grievances he appealed, what causes of action those grievances covered, or when he attempted to lodge these ARA appeals. Without this information, the Court does not know which of Plaintiff's claims his facility allegedly interfered with, much less whether, but for the alleged interference, he would have exhausted these claims with the ARA. Consequently, the Court finds that Mr. Plater has failed to exhaust his administrative remedies in compliance with the PLRA, adopts the logic of the Report and Recommendation, and dismisses Plaintiff's action.

For the reasons above, the Court, on *de novo* review, ADOPTS the Report and Recommendation [Doc. No. 25] and DISMISSES Plaintiff's Complaint [Doc. No. 1]. Because the Court dismisses Plaintiff's action, it finds Defendant's Motion to Strike [Doc. No. 26] to be moot.

IT IS SO ORDERED this 1st day of June 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE